# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy K White, et al., | NO. CV-19-05175-PHX-MTL |
| Plaintiffs, | **QUALIFIED PROTECTIVE ORDER** |
| v. | |
| VHS of Arrowhead Incorporated, et al., | |
| Defendants. | |

Pursuant to the parties' Stipulation to Enter Qualified Protective Order, and good cause appearing,

**IT IS ORDERED** granting the parties' Stipulation to Enter Qualified Protective Order (Doc. 22).

**IT IS FURTHER ORDERED** that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), Amy K. White and David White ("Plaintiffs"), and VHS of Arrowhead, Inc., and Independence American Insurance Company[1] ("Defendants") (collectively, the "Parties") agree to, and the court finds good cause for, the issuance of a qualified protective order (the "Order") as follows:

1. The parties and attorneys to the above-captioned matter (the "Action") are hereby authorized to receive, subpoena, and transmit protected health information pertaining to Plaintiffs to the extent and subject to the conditions set forth herein. A party shall serve a copy of this Order with a subpoena for documents or deposition testimony

---

[1] Defendant IHC Group, Inc. was dismissed on September 24, 2019.

that is directed to any third party to this action.

2. For the purposes of this Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501, including, but not limited to, information related to:

   a. The past, present, or future physical or mental condition of Plaintiff Amy K. White ("Mrs. White").
   b. The provision of care to Mrs. White.
   c. The payment for care provided to Mrs. White that identifies her or which reasonably could be expected to identify her.

3. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information pertaining to Plaintiffs to all attorneys in this Action.

4. The parties and their attorneys shall be permitted to use the protected health information in any manner reasonably connected with the Action, including, but not limited to, disclosure to the parties and their attorneys, insurers, claims managers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process.

5. No protected health information may be disclosed to any expert in this Action unless and until the expert consents to be bound by this Order.

6. All protected health information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

7. Prior to disclosing Amy K. White's protected health information to persons involved in this litigation, counsel shall inform each such person that Mrs. White's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Mrs. White's protected health information do not use or disclose such information for any

purpose other than this litigation.

8. Any person or entity in possession of protected health information shall maintain the information in a reasonably secure manner and shall not reveal to or discuss such information with any person not entitled to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order.

9. Within **45** days after the conclusion of this Action, the parties, their attorneys, and any other persons or entities that came into possession of the protected health information through this Action shall return the protected health information to the covered entity that provided it, or destroy the protected health information, except that counsel are not required to secure the return or destruction of protected health information that was submitted to the court.

10. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

11. This Order does not control or limit the use of protected health information pertaining to Mrs. White that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

12. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiffs' protected health information under seal.

Dated this 22nd day of November, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge